No. 663

TEXAS CO. v. SEABOARD NAT. BK., Excr.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6466. Decided May 10, 1926

Judges Richards, Williams & Young, 6th Dist., sitting.

1105. STATUTE OF FRAUDS—Promise to answer for debt of another is not within statute of frauds if made to subserve some purpose of the promisor.

YOUNG, J.

The Texas Co. sold merchandise to the Wilberite Roofing Co. which company later became insolvent the assets being bought by C. Fisher Hepburn its former president, at the receiver's sale; who organized the Hepburn Co., the assets being turned over to such company.

Pending adjustment of the plaintiff's claim Hepburn died and the plaintiff sued the Bank as executor, in the Cuyahoga Common Pleas to recover a balance of $2380.81, claiming that Hepburn had guaranteed personally and in writing, the payment of the claim.

The Bank set up that there was no consideration for the promise; and if the promise was made, it was for the payment of another, the Wilberite Roofing Co., and comes within the statute of frauds. An official of the Texas Co. testified to certain conversations in which Hepburn promised to guarantee the payment; and a circular letter was introduced signed by Hepburn which had been sent to all the creditors. The case was tried, a jury having been waived and judgment was rendered in favor of the executor. Error was prosecuted and the Court of Appeals held:

1. The evidence shows that Hepburn made the promise on the condition that the Texas Co., would not interfere with the confirmation of the sale of the assets of the Wilberite Co.

2. It is clear that Hepburn was attempting to protect himself against any action that might be taken by the Texas Co., and that by its forbearance in interfering with the newly organized company, Hepburn received benefits which inured to himself.

3. From all the evidence in the case, there was shown a consideration for the promise of Hepburn.

4. When the leading object of the promisor is to subserve some pecuniary or business purpose of his own involving a benefit to him, his promise is not within the statute of frauds.

Judgment therefore reversed and cause remanded.

Attorneys—Squire, Sanders & Dempsey & Frank Harrison for Texas Co.; Wilkin, Cross, Daoust and Quay H. Findlay for Bank; all of Cleveland.